PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| STANLEY RUSSAW, | ) |
|           Petitioner, | ) CASE NO. 1:23-CV-1669 |
| v. | ) JUDGE BENITA Y. PEARSON |
| WARDEN DAVID W. GRAY, | ) |
|           Respondent. | ) **MEMORANDUM OF OPINION AND ORDER** |
| | ) [Resolving ECF No. 13] |

Pending before the Court are Petitioner's *pro se* Objection to the Report and Recommendation (ECF No. 12) and Motion to Stay Proceedings (ECF No. 13). For the following reasons, the Court overrules Petitioner's objection and denies his motion to stay.

### I.    Background

Petitioner has been represented by counsel since the beginning of his *habeas corpus* proceedings. The assigned magistrate judge issued a report and recommendation ("R&R"), in which he recommended that the Petition be denied. ECF No. 8 at PageID #: 814. Petitioner's counsel filed a motion requesting an extension of time for counsel to "communicate with Petitioner about the Magistrate [judge]'s recommendations, discuss the possibility of filing Objections, and advise Petitioner of his options going forward." ECF No. 9 at PageID #: 849. The Court granted this motion. *See* Order [non-document], 07/18/2024. Thereafter, the cutoff to file an objection passed, and the Court issued a Memorandum of Opinion and Order adopting the magistrate judge's Report and Recommendation and denying the Petitioner's request for habeas

(1:23-CV-1669)

relief. ECF No. 10. Petitioner then, as if *pro se*, filed an objection to the report and recommendation, arguing that he filed it "out of necessity due to the recent withdraw[al] of his counsel." ECF No. 12 at PageID #: 854.

## II. Petitioner's Hybrid Filings

Local Rule 83.9 states that an "attorney of record may not withdraw . . . without first providing written notice to the client and all other parties and obtaining leave of Court." Attorneys are presumed to follow the rules of the Court. Therefore, because counsel has not sought leave to withdraw, Petitioner is still represented by counsel.

The Sixth Circuit has held that a defendant does not have a right to act *pro se* while represented by an attorney. *United States v. Mosely*, 810 F.2d 93, 97-98 (1987) (finding that a criminal defendant may not logically assert both the right to counsel and right to defend *pro se*); *McKasle v. Wiggins*, 465 U.S. 168, 183 (1984) (finding that *Faretta v. California* does not require a trial judge to allow hybrid representation); *United States v. Marin*, 597 F.Supp.3d 1162, 1162 (denying a motion filed *pro se* while defendant was represented by counsel). District courts have also applied this principle to *habeas corpus* petitions. *See Jones v. Bradshaw*, 326 F.Supp.2d 857, 858 (N.D. Ohio July 28, 2004) (precluding a petitioner from proceeding with hybrid representation in habeas case); *Cannon v. Potter*, No. 1:16-cv-1849, 2019 WL 4315931, at *2 (N.D. Ohio Sept. 12, 2019) (declining to consider a petitioner's objections despite counsel's previously filed objections). Accordingly, Petitioner's objections and Motion to Stay are improper hybrid filings.

## III. Petitioner's Objection and Motion to Stay

Even if Petitioner's objection and motion to stay were proper filings, the Court overrules his objection and denies his motion to stay.

2

(1:23-CV-1669)

### A. Petitioner's Objection to the Report and Recommendation

Petitioner objects to the magistrate judge's findings, arguing that: (1) "a procedural default is not a jurisdictional bar to review of a habeas petition on the merits"; (2) his habeas corpus attorney is the same as his appellate counsel who "made a poor effort of arguing this case and abandoned during the pendency of this proceeding"; and (3) a general objection to the magistrate judge's finding that his third ground for relief is procedurally defaulted and failed to excuse the procedural default.[1] ECF No. 12 at PageID #: 854, 856, 858.

With each of his objections, Petitioner posits general disagreements with the magistrate judge's findings. "An 'objection' that does nothing more than state a disagreement with a magistrate [judge's] suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Spring v. Harris*, No. 4:18-CV-2920, 2022 WL 854795, at *4 (N.D. Ohio Mar. 23, 2022) (quoting *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (N.D. Ohio 2022)). Accordingly, his objections are not appropriately specific to trigger the Court's *de novo* review.

### B. Petitioner's Motion to Stay

Petitioner asks the Court to "stay all proceedings in this action pending the final judgment of the [Eighth] District Court of Appeals in the case of, *State v. Russaw*, 2022-Ohio-2145[,] case number: 111315." ECF No. 13 at PageID #: 865. He argues that he has pending application to reopen his direct appeal. Petitioner provides no evidence of such an application or case, and the Court is unable to find a record of any pending cases regarding Petitioner. Therefore, the Court denies Petitioner's motion to stay.

---

[1] Petitioner lists his objections in the sequence in which his grounds were addressed by the magistrate judge, not the sequence in which they appear in his Petition or Traverse.

3

(1:23-CV-1669)

### IV. Conclusion

For the foregoing reasons, Petitioner's objection (ECF No. 12) is overruled and his motion to stay (ECF No. 13) is denied.

IT IS SO ORDERED.

| | |
|---|---|
| September 6, 2024 | /s/ *Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |